IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| SARAH SMITH | : | |
|         Plaintiff | : | |
| v. | : | CIVIL ACTION NO. 09-220 |
| | : | |
| HCSC-BLOOD CENTER, INC. doing | : | |
| business as MILLER-KEYSTONE | : | |
| BLOOD CENTER and MILLER-KEYSTONE | : | |
| BLOOD CENTER | : | |
|         Defendants | : | |
| | : | |

HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE

## MEMORANDUM

In this diversity action, the parties agreed to defendants' scheduling independent medical examinations (IMEs) of plaintiff on May 19, 2010 in Houston, Texas. More specifically, the scheduled examinations will consist of (1) a neuropsychological exam with Francisco Perez, Ph.D. and (2) a neurological examination with Martin Steiner, M.D. By letters of the parties dated May 14, 2010, however, the parties have identified two issues that have arisen with respect to these IMEs for which they seek this Court's resolution. The issues are: (1) whether plaintiff's counsel is permitted to videotape the IME and (2) whether the defense's neuropsychologist may exclude all observers during his administration of psychological testing.

Federal Rule of Civil Procedure 35(a), which governs physical and mental examinations of a party, is silent on the issues of videotaping and the presence of counsel. Fed. R. Civ. P. 35(a). Looking to Pennsylvania for guidance, however, I note that the Pennsylvania state courts recognize the right of a party to have an attorney present during a medical examination. Pennsylvania Rule of Civil Procedure 4010(a)(4)(i), amended April 24, 1998,

effective July 1, 1998, states:

> The person to be examined shall have the right to have counsel or other representative present during the examination. The examiner's oral interrogation of the person to be examined shall be limited to matters specifically relevant to the scope of the examination.

Pa. R. Civ. P. 4010(a)(4)(i).

Following a telephone conference on the record with both parties, I conclude, as did my colleague, the Honorable Anita B. Brody, that counsel for plaintiff "should be permitted to attend an independent medical examination that takes place in an adversarial context -- even when the examination is not physical in nature." See Showell v. Trump Taj Mahal Casino, 2000 U.S. Dist. LEXIS 14736, at *1 (E.D. Pa. October 11, 2000)(Brody, J.), citing, Gensbauer v. May Dept. Stores Co., 184 F.R.D. 552 (E.D. Pa. 1999); Jefferys v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D. Pa. 1999). The parties agree, however, that counsel for Plaintiff, or any other observers for that matter, will not be present during the administration of psychological testing.

With respect to Plaintiff's request to videotape the IMEs, we note that "courts generally, but not always, prohibit video recording when there is a concern that allowing the recording will tend to make the examination adversarial." Nicholas v. Wyndam Int'l Inc., 218 F.R.D. 122, 124 (D.V.I. 2003). See also Morrison v. Stephenson, 244 F.R.D. 405, 407 (S.D. Ohio 2007) (burden is on plaintiff to show good cause as to why she should be permitted to videotape defense exam). Due to the invasiveness of videotaping, and plaintiff's inability to establish good cause for same, we will not allow the IMEs to be videotaped. However, as

provided by Rule 4010(a)(5)(i) of the Pennsylvania Rules of Civil Procedure,[1] we will allow counsel for plaintiff to make an audio recording of the IMEs, excluding the portion which encompasses psychological testing. Counsel for plaintiff is permitted to personally audio tape the IMEs with a small hand device to be placed in an unobtrusive location. A copy of the audio tape shall be provided to counsel for defendants.

        An Order follows.

---

[1] Rule 4010(a)(5)(i) of the Pennsylvania Rules of Civil Procedure provides as follows:

> The party who is being examined or who is producing for examination a person in the party's custody or legal control may have made upon reasonable notice and at the party's expense a stenographic or audio recording of the examination. Upon request and payment of reasonable cost, the party who caused the recording to be made shall provide each other party with a copy of the recording.

Pa. R. Civ. P. 4010(a)(5)(i).