UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH SMITH,<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>HCSC–BLOOD CENTER<br><br>　　and<br><br>MILLER-KEYSTONE BLOOD CENTER<br><br>　　　　　Defendants | ELECTRONICALLY FILED<br><br>CIVIL ACTION NO. 5:09-CV-00220-LS |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER AND TO QUASH PLAINTIFF'S SUBPOENAS TO DEFENSE EXPERTS DR. PEREZ AND DR. STEINER**

HCSC-Blood Center and Miller-Keystone Blood Center ("Defendants") submit this brief in support of their motion for a protective order pursuant to Rule 26(c) and to quash pursuant to Rule 45(c)(3) Plaintiff's document subpoenas to defense experts Dr. Perez and Dr. Steiner.

Defendants have fully complied with the expert disclosure requirements of Rule 26(a)(2)(B) and produced hundreds of pages of documents pertaining to their experts' opinions, basis of opinions, qualifications, prior testimony, prior publications, and rate of compensation in this case. In short, Defendants have fulfilled the reasonable scope of expert discovery provided for under the Rules, and Plaintiff are free to inquire of these experts at deposition on the additional topics about which they seek information.

Moreover, none of the three categories of documents demanded in Plaintiff's subpoena bears any relation to the Plaintiff in this case, her claims in this case, or to the opinions and conclusions of Dr. Perez or Dr. Steiner in this matter. Rather, Plaintiff

unabashedly demands information relating solely to the experts' examination of other patients and the payments made to the experts by other parties for different cases. The information sought is not relevant to this case. Even worse, it seeks confidential and private information pertaining to the neurological and psychological condition of other individuals who bear no relation to Ms. Smith or this case. Finally, to respond to the subpoenas would require an undue burden on Defendants' experts.

Plaintiff's fishing expedition is nothing more than an attempt harass these defense experts and place an additional burden upon them to provide information to which Plaintiff is not entitled.

## BACKGROUND

On August 20, 2010, pursuant to the Scheduling Order entered by the Court on February 24, 2010 (Docket No. 49), Defendants produced their expert reports to Plaintiff as well the expert disclosures required under Fed. R. Civ. P. 26(a)(2)(B). Among the experts disclosed by Defendants were Martin R. Steiner, M.D. and Francisco Perez, PhD, each of whom will testify in accordance with their expert reports.[1] In addition to the reports, which contained a statement of the opinions to be expressed by Dr. Steiner and Dr. Perez and the basis and reasons therefore, Defendants also disclosed, separately for each expert, the following information on August 20:

1. Their *curriculum vitae* listing qualifications and all publications within the preceding 10 years;

2. A list of all cases in which, during the previous four years, the witness testified as an expert at trial or deposition; and

---

[1] Defendants disclosed the identity and reports of 11 expert witnesses on August 20. Only Dr. Steiner and Dr. Perez however were served with subpoenas and therefore only Dr. Steiner and Dr. Perez are the subject of this motion.

    3.    A statement of the compensation to be paid for their work on this case.

[Defendants' Expert Disclosures at 1-2, attached as Exhibit A to Motion.][2]

At Plaintiff's request, Dr. Perez and Dr. Steiner are presently scheduled to be deposed on September 14 and September 15 respectively. Notwithstanding the wealth of information provided by Defendants on August 20 consistent with the dictates of Rule 26(a)(2)(B), on August 31 Plaintiff served via email copies of two subpoenas directed to Dr. Steiner and Dr. Perez seeking the production of additional documentation by each of the experts. The subpoenas seek the same three ill-considered categories of documents from each doctor:

    1.    copies of the last ten (1) (*sic.*) medical-legal reports you have written, with the identifying information of the person examined, redacted;

    2.    all Internal Revenue Service 1099 or W-9 Forms you have received from attorneys for calendar year 2009;

    3.    copy of you appointment book for 2009 and 2010 with last names and other identifying information stricken

[Plaintiff Subpoenas of Dr. Perez and Dr. Steiner attached as Exhibit B to Motion.] The information sought is not called for under Rule 26(a)(2)(B), is not relevant or probative to any issue in the pending case, and in some cases is unduly burdensome or violative of the confidentiality and privacy of patients who bear no relationship or relevance to this case.[3]

---

[2] At the Court's direction, Defendants' provided to the Court a complete copy of their Expert Disclosures and attachments thereto by letter dated August 20, 2010.

[3] This Court has the authority to dispose of the instant motion. *Smith v. Shady*, 2007 WL 3147031, *2 n.7 (M.D. Pa. 2007) (given court's familiarity with circumstances underlying the action, appropriate to resolve protective order motion and has authority to do so); *Central States, Southeast and Southwest Areas Pension Fund v. Quickie Transport Co.*, 174 F.R.D. 50, 52 (E.D. Pa. 1997) (concluding that court in which underlying action was pending should resolve motion for protective order relating to subpoena).

3

SL1 1020593v1/104327.00001

## ARGUMENT

A.  **Defendants' Expert Disclosures Under Rule 26(a)(2)(B) Provided all Information to Which Plaintiff Was Entitled to Receive.**

The purpose of the 1993 revisions to Rule 26(a)(2)(B) was to adopt additional disclosure requirements sufficiently in advance of trial that "opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Fed. R. Civ. P. 26, 1993 Committee Notes. Consistent with that goal, the Rule as amended specifically enumerated a list of items that must be disclosed by testifying experts in order to provide the opposing party with sufficient information to cross examine and respond to the expert opinions. Rule 26(a)(2)(B)(i)-(vi). Rule 26 does not expressly provide for any additional discovery beyond the detailed requirements of Rule 26(a)(2)(B) and the deposition of the expert in Rule 26(b)(4).

Given the purpose behind the expanded disclosure requirements in Rule 26(a)(2)(B) and the extensive production of disclosure information provided here by Defendants in accordance with those requirements, there is no basis for opening up the parties' experts to a new round of unlimited discovery. To do so ignores the extensive prior disclosure and exchange of expert information, and undermines the system of disclosure set forth in the rules. Even before Rule 26(a)(2) was expanded to provide the disclosures now required, the court recognized that a subpoena to experts under Rule 45 "is limited by Fed. R. Civ. P. 26," and in considering the validity of such a subpoena "must determine whether the document requests meet the limitations of Fed. R. Civ. P. 26 as well as Fed. R. Civ. P. 45." *Quaile v. Carol Cable Co., Inc.*, 1992 WL 277981 (E.D. Pa. 1992). Now that Rule 26 has been amended to require the more extensive expert

4

disclosures as well as the deposition of the expert, the scope and limitations of the Rule 26 expert disclosures should be determinative of the proper scope expert discovery.

Plaintiff should not be permitted to create a new round of expensive and unfettered discovery upon the experts in this case that is not provided for in Rule 26(a)(2)(B) or 26(b)(4).

**B.     The Documents Sought by Plaintiff are Not Discoverable Pursuant to the Limitations on the Scope of Discovery in Rule 26(b).**

Even if the Plaintiffs had the right or ability to serve additional discovery, however, the requests contained in the August 31 subpoenas are improper under Rule 26 and a protective order should be granted and the subpoenas quashed.

    1.     Producing the Last 10 Medical-Legal Reports Authored Regarding Unrelated Patients and Unrelated Injuries is Not Relevant, Violates the <u>Confidentiality and Privacy of those Patients, and is Unduly Burdensome</u>

This request has been considered and rejected by a court in the Eastern District. *Jordan v. Pinamont*, 2007 WL 4440894 (E.D. Pa. 2007) (granting motions to quash subpoenas seeking copies of expert reports authored by expert witnesses). There, the court concluded that the production of actual copies of reports issued by the subpoenaed expert in different cases was beyond the scope of Rule 26(a)(2)(B) and that the party issuing the subpoenas could <u>not</u> demonstrate the relevance of the experts' prior reports. *Jordan*, 2007 WL 4440894, at *1. Further, the court noted that the burden upon the expert to produce such reports would be significant. *Id.* Accordingly, the court quashed the subpoenas and refused to order the experts to produce copies of prior reports. *See also In re Asbestos Products Liability Litigation (No. VI)*, 256 F.R.D. 151, 157 n.13 (E.D. Pa. 2009) (quashing subpoena to experts that requested experts' pulmonary testing data for patients who were not plaintiffs in the instant action).

5

The same analysis and result should hold here. <u>First</u>, Plaintiff cannot demonstrate the relevance of Dr. Perez's or Dr. Steiner's reports memorializing prior examinations and opinions pertaining to: 1) different patients not related to this case; 2) different claimed injuries not related to this case; 3) different symptoms and conditions; 4) different individual circumstances and/or pre-existing conditions; and 5) different testing performed. The neurological or psychological examination of a particular patient is unique to the individual and the report and examination is driven by the unique facts of that case. The diagnosis and medical conclusion as to a different patient simply has no bearing on or relevance to the conclusions or basis for the conclusions that Dr. Steiner and Dr. Perez reached in this matter.

Indeed, were Plaintiff to obtain and attempt to use the information contained in the report for any purpose, the parties and the Court would be required to embark on a wasteful sideshow to examine the precise facts of the other case in order to put the reports sought in context and/or establish the foundation as to the meaning of the reports and the issues addressed therein. Therefore, in addition to the lack of relevance, Plaintiff's request comes with a significant and undue burden.

<u>Second</u>, Plaintiff's suggestion in the subpoena that "identifying information of person examined [would be] redacted" does not cure the privacy and confidentiality problems associated with their request for reports detailing the neurological and psychological testing and condition of individuals who have no nexus to this case. Regardless of whether the name or address and other identifying information is redacted, the discussion of the patient's neurological and psychological condition remains, and, combined with the related case list information provided to Plaintiff's in the expert

disclosures, could be used to discern the identities of those involved. This is impermissible and violative of the privacy of those individuals.

In addition, even were "identifying information" redacted, neither Dr. Steiner nor Dr. Perez can release the content of their reports without first obtaining the written approval of counsel in the underlying cases. In the instant case, for example, a Confidentiality Order restricts the dissemination of information and the experts would <u>not</u> be permitted to circulate their expert reports in this case – with or without identifying information – were a litigant to issue a subpoena such as the one's Plaintiff issued here. This consent process would be wasteful and time consuming, and the burden is wholly unjustified given the lack of relevance of the information sought.

    2.    Plaintiff's Request for IRS 1099 and W-9 Forms Seeks Irrelevant Information.

Plaintiff's second request, for every IRS 1099 and W-9 Form that Dr. Perez and Dr. Steiner received in 2009 from an attorney is irrelevant and impermissible. Again, this court has considered and rejected the same request in other cases. *Mizerak v. Wal-Mart Stores, Inc.*, 2002 WL 32349131 (E.D. Pa. 2002) (denying motion to compel subpoena response seeking tax and financial records). In rejecting plaintiff's requests for a defense expert's IRS 1099 forms, the court concluded:

> Defendant has already provided a list of the cases in which Dr. Sporn testified during the past three years, as well as Dr. Sporn's fee schedule. **No purpose would be served by ordering Defendant to produce Dr. Sporn's tax and financial records.**

*Mizerak*, 2002 WL 32349131, at *1 (emphasis added).

The court also rejected a subpoena request to an expert for tax records and old tax returns in *In re Asbestos Products Liability Litigation (No. VI)*, 256 F.R.D. 151 (E.D. Pa.

7

2009). There the court found the requests to be "unreasonable, overbroad and overly burdensome." *Id.* at 157.

Here too, no purpose would be served in requiring the experts to search for every 1099 or W-9 form received "from attorneys" for calendar year 2009. Plaintiff already has, as in *Mizerak,* a list of every case in Dr. Perez and Dr. Steiner have testified in for the past four years as well as a detailed fee schedule for each doctor. [Defendants' Expert Disclosure at 1-2.] Moreover, both Dr. Perez and Dr. Steiner will be deposed this month and they can be further examined on the topic of payment for their services as experts.

    3.    <u>Plaintiff's Request for Redacted Copies of Two Years of Dr. Perez's and Dr. Steiner's Appointment Book is Irrelevant and Extremely Burdensome.</u>

Plaintiff's third request for redacted appointment books is plainly harassing and also irrelevant. Plaintiff asks each expert to review hundreds of days of appointments over the last two years and redact the identifying information – even though "identifying information" is all or virtually all of the information contained in an appointment book.

There is no discernible relevance to how Dr. Perez or Dr. Steiner has spent his days (every day) from January 1, 2009 to the present to the conclusions on which they will be opining regarding Ms. Smith in this case. As noted above and reflected in the reports already served on Plaintiff, the conclusions of Dr. Perez and Dr. Steiner arise from the material they reviewed pertaining to this case and their examinations of Ms. Smith. The contents of their appointment book for the last two years does not relate to anything on which they opined.

Further, the redaction process itself will extremely time consuming and wasteful. The appointment books are just that: books. Each of the hundreds of pertinent pages will

need to be hand copied, then reviewed page by page and redacted of virtually all information, then recopied for production.[4]

In addition, once all identifying information is redacted, the appointment books will consist largely of blank pages. The purpose of the appointment is scheduling, not to create a detailed or substantive record of the purpose or nature of the patient's visit. Accordingly, the burden, even if undertaken, will yield virtually no information and will yield nothing of relevance to this matter.

## **CONCLUSION**

For the reasons stated herein, Defendants respectfully request that the Court issue a Protective Order and quash the subpoenas issued by Plaintiff to Dr. Steiner and Dr. Perez.

DATED: September 7, 2010

STEVENS & LEE

By: s/Matthew W. Rappleye
  Todd R. Bartos
  Attorney I.D. No. 84279
  trba@stevenslee.com
  Matthew W. Rappleye
  Attorney I.D. No. 81746
  mwr@stevenslee.com
  51 South Duke Street
  P.O. Box 1594
  Lancaster, PA 17608-1594
  717-291-1031

  Attorneys for Defendants HCSC– Blood Center and Miller-Keystone Blood Center

---

[4] For the reasons stated herein, Plaintiff's subpoenas should be quashed in their entirety. To the extent that the Court orders any of the above information produced, in any category, however, Plaintiff must bear the cost of any and all time by the experts themselves or administrative time spent in responding to these requests. Such a result is consistent with and compelled by Rule 26(b)(4)(C) requiring that "the party seeking discovery" pay the expert a reasonable fee.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendants' Brief in Support of Motion for Protective Order and to Quash Plaintiff's Subpoenas to Defense Experts Dr. Perez and Dr. Steiner was served this 7th day of September, 2010, by ECF to:

>Marc P. Weingarten, Esquire
>Locks Law Firm
>601 Walnut Street
>Suite 720 East
>Philadelphia, PA 19106
>
>John Gehlhausen, Esq.
>John Gehlhausen, P.C.
>22488 East Polk Drive
>Aurora, Colorado 80016

DATED: September 7, 2010                STEVENS & LEE

By: s/Matthew W. Rappleye
   Todd R. Bartos
   Attorney I.D. No. 84279
   trba@stevenslee.com
   Matthew W. Rappleye
   Attorney I.D. No. 81746
   mwr@stevenslee.com
   51 South Duke Street
   P.O. Box 1594
   Lancaster, PA  17608-1594
   717-291-1031

   Attorneys for Defendants HCSC– Blood Center and Miller-Keystone Blood Center