UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH SMITH<br>　　　　Plaintiff<br>　v.<br>HCSC - BLOOD CENTER<br>　and<br>MILLER-KEYSTONE BLOOD CENTER<br>　　　　Defendants | ELECTRONICALLY FILED<br><br>CIVIL ACTION NO.: 5:09-CV-00220-LS |

## ORDER

AND NOW, to wit, this ____ day of _____, 2010, upon consideration of Defendants' Motion for Protective Order and to Quash Plaintiff's Subpoenas to Defense Experts Dr. Perez and Dr. Steiner, and Plaintiff's response thereto, it is here ordered that Defendants' Motion is DENIED.

　　　　　　　　　　　　　　　　　　BY THE COURT:


　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　HENRY S. PERKIN,
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SARAH SMITH<br>　　　　Plaintiff<br>v.<br><br>HCSC - BLOOD CENTER<br><br>and<br><br>MILLER-KEYSTONE BLOOD CENTER<br>　　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | ELECTRONICALLY FILED<br><br><br>CIVIL ACTION NO.: 5:09-CV-00220-LS |

**PLAINTIFF'S BRIEF CONTRA DEFENDANTS' MOTION FOR
PROTECTIVE ORDER AND TO QUASH PLAINTIFF'S SUBPOENAS
TO DEFENSE EXPERTS DR. PEREZ AND DR. STEINER**

Plaintiff Sarah Smith submits her brief in opposition to the Motion for a Protective Order and to Quash Plaintiff's Document Subpoenas which have been served upon the defense experts, Drs. Perez and Steiner.

To begin with, this Court does not have standing to quash the subpoenas. The law in this regard is very adequately summarized in Moore's Federal Procedure 3d §45.50(4) (2010) as follows:

> A motion to quash or modify a subpoena is to be granted by "the issuing court".[1] If a subpoena is issued by a district court other than the one in which the case is pending (see §45.11[1] (appropriate court of issuance)), the proper court in which to file a motion to quash or modify the subpoena is the issuing court, not the court in which the action is pending. As the Advisory Committee has noted, only the issuing court has the power to grant a motion to quash or modify the subpoena.[2]

---

[1] F.R.C.P. 45(c)(3)(A).
[2] F.R.C.P. 45, Advisory Committee Note of 1991 (reproduced verbatim at §45APP.08[2] ("motion to quash such a [deposition] subpoena if it overbears the limits of the subpoena power must... be presented to the court for the district in which the deposition would occur").

The cases cited by the Defendants in their Brief do not lead to any other conclusion. In footnote 3 of its Brief, the Defendant cites to two cases, Smith v. Shady, and Central States, Southeast and Southwest Areas Pension Fund v. Quickie Transport Co. as supporting the authority that this Court can decide the instant motion for protective order or to quash. In actuality, the cases militate to the contrary.

In Smith v. Shady, 2007 WL 3147031, the situation involved a pro se lawsuit by an inmate in a Maryland correctional institution. The suit was brought in federal court in Pennsylvania against Pennsylvania defendants. However, when an Order was granted permitting the defendants to take the plaintiff's deposition by videotape, the plaintiff filed for a protective order in the federal court in New York. That is a factual context which is inapposite to the case herein. In that case, solely for purposes of obfuscation, the plaintiff chose a federal court with no relation whatsoever either to the litigation, the parties or to the place of the deposition, to file his motion for protective order.

Even more illustrative of the present situation is the other case cited by the defendants in footnote 3, Central States, Southeast and Southwest Areas Pension Fund v. Quickie Transport Co., 174 F.R.D. 50 (E.D. Pa. 1997). That case held that:

> Rule 26(c) "recognizes the power of the court in the district where a deposition is being taken to make protective orders. Such power is needed when the deposition is being taken far from the court where the action is pending. *The court in the district where the deposition is being taken, may, and frequently will, remit the deponent or party to the court where the action is pending.*"... citations omitted. The court in the district where the deposition is to be taken has the power to grant or deny the protective order, but also possesses discretion to defer to the judge handling the case on the merits." Central States, supra at page 51.

2

Judge Katz, in the <u>Central States</u> opinion, endorses and incorporates the language quoted above from <u>Moore's Federal Procedure</u>. It is important to note that in the instant matter, the court where the witnesses are, and where the subpoenas were served, the United States District Court for the Southern District of Texas, has not remitted this discovery dispute back to Pennsylvania. Under the circumstances, this Court is unable to rule upon the instant motion.

Should this Court wish to entertain the merits of this matter, it is submitted that the objections revolve around relevance, confidentiality, and burden to the producing witnesses. Taking these objections somewhat out of order, in a telephone conversation with defense counsel conducted on September 7, 2010, the undersigned told defense counsel that any redactions to preserve confidentiality could be unilaterally imposed by defense counsel and that the undersigned would have no objections whatsoever thereto. This obviates any objection to the confidentiality aspects of the documents requested.

With respect to relevance, the test of discovery is whether information is reasonably calculated to lead to the discovery of relevant evidence, F.R.C.P. 26(b). The requested information meets that test. The information which has been requested by way of subpoena is designed to go to the issues of bias, prejudice and objectivity of the two defense witnesses. This information may be obtained by examining the documents requested. Because bias and prejudice is always an issue at trial, this information can indeed lead to relevant evidence.

Finally, with respect to burden, all discovery has some attendant burden in conjunction therewith. Certainly defense counsel, who has already requested of the plaintiff all of her telephone records, email records, text message records and other similar information, should not now be countenanced to complain about the burdens of discovery.

For these reasons, it is requested that this Court refuse to rule upon the instant motion by defense counsel as it is without jurisdiction to do so, but if it should move to the merits of the matter, should rule that the motion is indeed without merit and should be denied.

DATED: September 15, 2010  **LOCKS LAW FIRM**

BY: **s/Marc P. Weingarten**
Marc P. Weingarten, Esquire
The Curtis Center
601 Walnut Street, Suite 720 East
170 S. Independence Mall West
Philadelphia, PA  19106
(215) 893-3404
**Attorney I.D. No. 23718**
mweingarten@lockslaw.com

**s/John Gehlhausen**
John Gehlhausen, Esq.
John Gehlhausen, P.C.
P.O. Drawer 1079
Lamar, Colorado 81052
(719) 336-9071
jgehlhausen@tractorlaw.com

*Attorneys for Plaintiff Sarah Smith*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's Brief Contra Defendants' Motion for Protective Order and to Quash Plaintiff's Subpoenas to Defense Experts Dr. Perez and Dr. Steiner was served this 15th day of September, 2010, by ECF to:

Matthew W. Rappleye, Esquire
Todd R. Bartos, Esquire
**STEVENS & LEE**
51 South Duke Street
P.O. Box 1594
Lancaster, PA 17608-1594
717.291.1031

DATED: September 15, 2010

_____
Marc P. Weingarten, Esquire
**LOCKS LAW FIRM**
The Curtis Center
601 Walnut Street, Suite 720 East
170 S. Independence Mall West
Philadelphia, PA 19106
(215) 893-3404
**Attorney I.D. No. 23718**
mweingarten@lockslaw.com

John Gehlhausen
**JOHN GEHLHAUSEN, P.C.**
P.O. Drawer 1079
Lamar, Colorado 81052
(719) 336-9071
jgehlhausen@tractorlaw.com