# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| SARAH SMITH | : | |
| Plaintiff | : | |
| v. | : | CIVIL ACTION NO. 09-220 |
| | : | |
| HCSC-BLOOD CENTER, INC. doing | : | |
| business as MILLER-KEYSTONE | : | |
| BLOOD CENTER and MILLER-KEYSTONE | : | |
| BLOOD CENTER | : | |
| Defendants | : | |

HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE

## MEMORANDUM

Presently before the Court is Defendants' Motion for Protective Order and to Quash Plaintiff's Subpoenas to Defense Experts Dr. Perez and Dr. Steiner (Dkt. No. 95), Plaintiff's Brief Contra Defendants' Motion for Protective Order and to Quash Plaintiff's Subpoenas to Defense Experts Dr. Perez and Dr. Steiner (Dkt. No. 99), and Defendants' Reply Brief in Support of Their Motion for Protective Order and to Quash Plaintiff's Subpoenas to Defense Experts Dr. Perez and Dr. Steiner (Dkt. No. 103). Defendants HCSC-Blood Center and Miller-Keystone Blood Center ("defendants") seek a protective order under Fed. R. Civ. P. 26(c) and an order to quash pursuant to Fed. R. Civ. P. 45(c)(3) with respect to subpoenas served by plaintiff, Sarah Smith, on defendants' expert witnesses Martin R. Steiner, M.D. and Francisco Perez, Ph.D. For the reasons that follow, defendants' motion to quash is denied and defendants' motion for protective order is granted.

# I. BACKGROUND[1]

On August 20, 2010, defendants disclosed the identity and reports of eleven expert witnesses to plaintiff in conjunction with the expert disclosures requirement of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.[2] Among the experts disclosed were Martin R. Steiner, M.D. and Francisco Perez, Ph.D. In addition to the reports, which defendants aver contain statements of the opinions to be expressed by Drs. Steiner and Perez as well as the basis and reasons therefore, defendants also disclosed, separately for each expert, the following information:

> 1. Curriculum vitae listing qualifications and all publications within the preceding ten years;
>
> 2. A list of all cases in which, during the previous four years, the witness testified as an expert at trial or deposition; and
>
> 3. A statement of the compensation to be paid for their work on this case.

On August 31, 2010, plaintiff served via email copies of two subpoenas, issued by the United States District Court for the Southern District of Texas, directed to Drs. Steiner and Perez seeking the production of additional documentation from each of the experts. More specifically, the subpoenas direct that Dr. Steiner and Dr. Perez each provide the following

---

[1] This information is taken, in large part, from defendants' motion and brief in support of their motion to quash and for protective order. We note that plaintiff did not explicitly respond or object to defendants' version of the background information of the case. Accordingly, we adopt a modified version of defendants' recitation of the procedural background, which we deem helpful to the adjudication of this motion.

[2] Defendants appear to have complied with Rule 26(a)(2) of the Federal Rules of Civil Procedure, which governs expert disclosures. Rule 26(a)(2) provides, with respect to an expert witness, that a party must provide a report, qualifications, compensation paid for the study and testimony, and a list of other cases in which the expert testified within the preceding four years. Plaintiff does not argue that defendants failed to comply with the requirements of this rule.

information:

> 1. Copies of the last ten medical-legal reports you have written, with the identifying information of the person examined, redacted;

> 2. All Internal Revenue Service 1099 or W-9 forms you have received from attorneys for calendar year 2009; and

> 3. A copy of your appointment book for 2009 and 2010 with last names and other identifying information stricken.

Defendants have filed this motion alleging that the information sought is not called for under Rule 26(a)(2)(B), is not relevant or probative to any issue in the pending case, and in some cases is unduly burdensome or violative of the confidentiality and privacy of patients who bear no relationship or relevance to this case. In response, plaintiff avers that this Court does not have standing to quash the subpoenas and the requested information is designed to go to the issues of bias, prejudice and objectivity of the two defense expert witnesses.

## II. DISCUSSION

### A. Motion to Quash

The subpoenas directed to Drs. Steiner and Perez were not issued by this Court. In fact, they were issued by the United States District Court for the Southern District of Texas. Accordingly, this Court must initially consider whether its jurisdictional power may be extended to quash a subpoena *duces tecum* issued by a different court located in another jurisdiction.

Federal Rule of Civil Procedure 45 provides that a subpoena *duces tecum* shall be issued "from the court for the district in which the production is to be made." Fed. R. Civ. P. 45(a)(2). Further, as noted by the Honorable James McGirr Kelly,

> this Court, which sits in the Eastern District of Pennsylvania, may quash subpoenas issued by the United States District Court for the

3

> Eastern District of Pennsylvania. *See* Fed. R. Civ. P. 45(c)(3)(A).
> However, in the absence of statutory authorization, this Court does
> not have the authority to meddle with, enforce, or quash a
> subpoena issued by another court in another jurisdiction. *See In re*
> *Seal Case*, 329 U.S. App. D.C. 374, 141 F.3d 337, 341 (D.C. Cir.
> 1998) (explaining that "only the issuing Court has the power to act
> on its subpoenas . . . and nothing in the rules even hints that any
> other court may be given the power to quash or enforce them").

Parker v. Learn The Skills Corp., No. 03-6936, 2004 U.S. Dist. LEXIS 21498, at *3 (E.D. Pa.

October 25, 2004). Based on the foregoing, we conclude that this Court has no jurisdictional

authority to quash the subpoenas issued by the United States District Court for the Southern

District of Texas. Accordingly, defendants' request that the Court quash these subpoenas is

denied.

However, because defendants have also sought a protective order with respect to

the information sought by these subpoenas, our review of this matter has not yet concluded.

**B. Motion for Protective Order**

As indicated above, this Court is not permitted to quash a subpoena emanating

from another federal district court. We may, however, issue a protective order pursuant to Rule

26 of the Federal Rules of Civil Procedure, thereby defining the scope of permissible discovery.

Morrison v. YTB International, Inc., No. 08-565, U.S. Dist. LEXIS 42620, at *9-*11 (S.D. Ill.

April 30, 2010) (although a motion to quash a subpoena must be filed and decided in the court

from which the subpoena issued, the same is not true of a request for a Rule 26 protective order;

instead, a protective order under Rule 26(c) can be determined in the court where the underlying

action is pending, as well as the court from which the subpoena issued); see also Fed. R. Civ. P.

26(c) ("[a] party or any person from whom discovery is sought may move for a protective order

4

in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken")

Pursuant to Federal Rule of Civil Procedure 26(c)(1), a "court may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ. P. 26(c)(1). "It is well established that the party wishing to obtain a protective order bears the burden of demonstrating that 'good cause' exists for the order." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 175 (E.D. Pa. 2004) (quoting Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)). In this district, it has been determined that "[i]rrelevancy satisfies the good cause requirement." McCurdy v. Wedgewood Capital Mgmt Co., No. 97-4304, U.S. Dist. LEXIS 18875, at *13 (E.D. Pa. Nov. 16, 1998) (Scuderi, M.J.).

**1. Copies of each experts's last ten medical-legal reports written.**

This particular request has been considered and rejected by the Honorable Legrome D. Davis in the case of Jordan v. Pinamont, No. 06-3091, 2007 WL 4440894 (E.D. Pa. April 27, 2007). In that case, Judge Davis concluded as follows:

> At issue in both motions are subpoenas duces tecum requiring opposition physician witnesses to provide copies of all expert reports authored by the witness during the four years preceding this action. Each party has issued a subpoena requesting these reports; each seeks to quash the opposing party's subpoena; each party seeks to preclude production of reports authored by their witnesses.
>
> Neither party directs the Court to case law or any provision of the Federal Rules of Civil Procedure supporting their demands for reports from prior, and completely unrelated, cases. Rule 26(a)(2)(B) only requires an expert witness to produce a list of cases in which the expert has provided testimony during the preceding four years; it does not require the production of expert reports generated

> in connection with those cases. The parties argue that although
> production is not mandated by the Federal Rules of Civil
> Procedure, these reports are relevant to the question of bias
> because they establish the percentage of cases in which the witness
> has testified for the plaintiff or the defendant.
>
> Under the circumstances of this case, this Court deems the
> relevance of this potential information as attenuated. The burden of
> the physicians to produce these materials would be significant.
> Production of such expert reports, therefore, will not be ordered.

Jordan, 2007 WL 4440894, at *1. Based on the foregoing case law, and in light of plaintiff's failure to show particular relevance of the requested reports to this case, such discovery will not be permitted. See also In re Asbestos Products Liability Litigation (No. VI), 256 F.R.D. 151, 157 n.13 (E.D. Pa. 2009) (Robreno, J.) (quashing subpoena to experts that requested experts' pulmonary testing data for patients who were not plaintiffs in the instant action). Defendants have shown good cause for the issuance of a protective order in this regard.

**2. All Internal Revenue Service 1099 or W-9 forms received from attorneys for calendar year 2009.**

Similar to the foregoing, this request has also been considered by other judges in this district and rejected. More specifically, Judge Kauffman, in rejecting a plaintiff's request for a defense expert's IRS 1099 forms, concluded as follows:

> Defendant has already provided a list of the cases in which Dr.
> Sporn testified during the past three years, as well as Dr. Sporn's
> fee schedule. No purpose would be served by ordering Defendant
> to produce Dr. Sporn's tax and financial records.

Mizerak v. Wal-Mart Stores, Inc., No. 00-5875, 2002 WL 32349131, at *1 (E.D. Pa. Jan. 23, 2002) (Kauffman, J.).

Because defendants have already produced a list of every case in which Drs. Steiner and Perez have testified in for the last four years as well as a detailed fee schedule for each doctor, as did the defendant in <u>Mizerak</u>, there is no reason to allow the requested discovery. <u>See</u> <u>also</u> <u>In re Asbestos Products Liability Litigation (No. VI)</u>, 256 F.R.D. at 157 (discovery of tax records and old tax returns of doctors and their practices not permitted).  Defendants have shown good cause for the issuance of a protective order in this regard.

### 3.  Copy of appointment book for 2009 and 2010.

As to the remaining request, this Court finds defendants' arguments against production persuasive.  <u>See</u> Def. Br. at 8-9.  Moreover, plaintiff has failed to articulate any reasons of relevance which would support production of redacted appointment books over a two year period.  Further, this Court imagines that the redaction process would be burdensome; more than five hundred days of appointments would have to be reviewed and redacted.  This Court is unable to find any relation between these appointments books and the conclusions upon which these experts will be opining with respect to the plaintiff.  Accordingly, defendants have shown good cause for the issuance of a protective order in this regard.

An Order follows.